IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TOM F. BECK, JR., \*
 \*
 Plaintiff, \*
 \*
 v. \* CV 112-188
 \*
AUGUSTA, GEORGIA; and FRED \*
RUSSELL, in his Individual and \*
Representative Capacity, \*
 \*
 Defendants. \*

**ORDER**

On November 14, 2012, Plaintiff filed suit in the Superior Court of Richmond County, raising claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). On December 13, 2012, Defendants timely removed the action to this Court. Each Defendant subsequently filed a motion to dismiss Plaintiff's complaint on January 3, 2014. On January 23, 2014, Plaintiff filed an amended complaint, adding a claim for defamation per se. Defendants again filed two motions to dismiss the amended complaint on February 13, 2013. On August 23, 2013, this Court denied in part the motions, permitting Plaintiff to proceed on his FLSA and FMLA claims against Defendant Augusta, Georgia, and his defamation per se claim against Defendant Fred Russell. The parties proceeded through discovery, which closed on June 1, 2014. Defendants moved for

summary judgment on June 26, 2014. At no point during this time have Defendants filed an answer to Plaintiff's complaint or amended complaint.

Citing their failure to file an answer, Plaintiff now seeks the entry of default against Defendants. (Doc. no. 35.) In their opposition to Plaintiff's motion for entry of default, Defendants contend that their active litigation in this case precludes an entry of default. In the alternative, Defendants argue that they have shown that there is good cause to set aside an entry of default. Defendants also request that the Court grant them leave to file their answer to Plaintiff's amended complaint. (Doc. no. 38.)

The Federal Rules of Civil Procedure direct the clerk to enter default against a party against whom judgment for affirmative relief is sought when that party "has failed to plead or <u>otherwise defend</u>[] and that failure is shown by affidavit or otherwise[.]"[1] Fed. R. Civ. P. 55(a) (emphasis added). In this Circuit, the term "otherwise defend" refers to "attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." <u>Bass v. Hoagland</u>, 172 F.2d

---

[1] "The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2682 (3d ed. 1998).

2

205, 210 (5th Cir. 1949)[2]; see <u>Luxottica Retail N. Am., Inc. v. Georg L. Haffner Enters., Inc.</u>, No. 8:11-cv-2433, 2011 WL 6319403, at *2 (M.D. Fla. Dec. 16, 2011) (concluding that "otherwise defend" also refers to a motion for summary judgment). The touchstone inquiry is whether a defendant "appears and indicates a desire to contest the action." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2682 (3d ed. 1998). "This approach is in line with the general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits." <u>Id.</u>

Each Defendant has filed motions to dismiss Plaintiff's complaint, to dismiss Plaintiff's amended complaint, and for summary judgment. Although they have neglected to file a responsive pleading to Plaintiff's complaint and amended complaint, it cannot be contended that Defendants have somehow failed to "otherwise defend." Accordingly, Plaintiff's motion for entry of default (doc. no. 35) is **DENIED**.

Defendants also seek leave to file their answer to Plaintiff's amended complaint, which they have attached to their response in opposition to Plaintiff's motion for default. Upon due consideration, the Court concludes that granting Defendants leave to file their answer would further frame and clarify the

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

3

issues before the Court and would promote the "just, speedy, and inexpensive" resolution of this case. Fed. R. Civ. P. 1. Accordingly, Defendants motion for leave to file their answer is **GRANTED**. Defendants are **DIRECTED** to file their answer as a stand-alone docket entry within **seven (7) days** of the entry of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of July, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA